| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>THE SECRETARY OF THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, an agency of the UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>-against-<br><br><br>Kings County Public Administrator, as Administrator of the Estate of Mona Fish, deceased; New York State Department of Taxation and Finance; Approved Oil Co; Parkview Advance LLC; Suncoast Funding Group; HFH Capital LLC; Debra Cox; Natalie Doe; "JOHN DOE #1-5" and "JANE DOE #1-5", said names being fictitious, it being the intention of plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein,<br><br>                    Defendants | CASE NO. 24-CV-2683<br><br><br><br><br><br><br><br>**COMPLAINT**<br><br>**ACTION TO FORECLOSE<br>A MORTGAGE** |

The plaintiff herein, by its attorney MANFREDI LAW GROUP, PLLC, complains of the defendants above named, for its cause of action, and alleges:

1. This court has jurisdiction under the provisions of Title 28, United States Code, Section 1345.

2. That the Plaintiff U.S. Dept. of Housing & Urban Development, Office of Counsel, has offices at 301 N.W. 6th St., Ste. 200, Oklahoma City, OK 73102-2807.

3. This action is brought on behalf of The Secretary of Housing and Urban Development (hereinafter "HUD"), an agency of the United States of America to foreclose on a Home Equity Conversion Mortgage (hereinafter "HECM") also known as a reverse mortgage, which program is regulated and set forth in 24 CFR Part 206, et seq. and all subsequent handbooks

(4330.1 REV-5), mortgagee letters, etc. as set forth by the Secretary of the Department of Housing and Urban Development.

4. The purpose of this program is set forth in 24 CFR § 206.1, as set out in "section 255(a) of the National Housing Act, Public Law 73 – 479, 48 STAT. 1246 (12 U.S.C. 1715z-20;" being further regulated by handbook 4330.01 Rev. 5 and all subsequent mortgage letters as issued and set forth by the Secretary of the Department of Housing and Urban Development.

## COUNT I - MORTGAGE FORECLOSURE

5. Plaintiff reasserts and realleges Paragraphs 1- 4 as if fully set forth herein.

6. Pursuant to program requirements, Mona Fish, now deceased, (hereinafter THE "NOTEMAKER") was duly counseled regarding the United State's Home Equity Conversion Mortgage ("HECM") loan program prior to execution of the note and mortgage that are the subject of the within action.

7. A redacted copy of the death certificate of Mona Fish is attached as <u>Exhibit A.</u>

## THE MORTGAGE AND COLLATERAL MORTGAGE

8. On or about April 7, 2011, the decedent Mona Fish executed and delivered a Closed-End Fixed Rate Note (hereinafter referred to as the "Note") and, as collateral of aforesaid Note, a Mortgage (hereinafter referred to as the "the Mortgage") in the amount of $938,250.00.  The Mortgage was recorded in the Office of the Clerk of Kings County on 5/4/2011 is CRFN: 2011000162031.

9. A copy of the Note and Mortgage is annexed hereto as <u>Exhibit B</u>.

10. The mortgaged premises is 1142 East 40th Street, Brooklyn, NY 11210.

11. Simultaneous with the execution of the Mortgage and Note, the Notemaker executed and delivered a closed-end fixed rate second note and collateral mortgage (hereinafter referred to

as the "Collateral Mortgage and Second Note") to the Secretary of Housing and Urban Development dated 4-7-2011 and recorded on 5-4-2011 in CRFN: 2011000162032 of the Kings County Clerk's Office.

12. A copy of the Second Note and recorded Collateral Mortgage is attached as <u>Exhibit C.</u>

13. The above Collateral Mortgage was additional security for the reverse mortgage that is the subject of the proposed foreclosure action.

## ASSIGNMENT OF THE MORTGAGE

14. Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Generation Mortgage, assigned the Mortgage to HUD. The assignment is dated 1/22/2019 and was recorded on 1/25/2019 in CRFN: 2019000029848 of the Kings County Clerk's Office.

15. A copy of the recorded assignment is attached as <u>Exhibit D.</u>

16. Plaintiff is the owner and holder of the Mortgage and Note and has the authority to institute this mortgage foreclosure action as the owner and holder of the subject Mortgage and Note; and there have been no prior proceedings, at law or otherwise, to collect or enforce the Note and Mortgage.

## THE NOTEMAKER'S DEFAULT

17. Pursuant to paragraph ¶6(a) of the Note, titled: IMMEDIATE PAYMENT-IN-FULL the Plaintiff may require immediate payment in full of principal and accrued interest upon the event of death of the Borrower / Notemaker and the mortgaged premises is not the principal residence of a surviving borrower. ¶6(a) <u>Exhibit B</u>.

18. The Notemaker died on 8-5-2019. <u>Exhibit A.</u>

19. The mortgaged premises is not occupied by a surviving borrower.

20. Upon information and belief, the mortgaged premises is occupied by tenants.

21. By reason of the event of default, the Plaintiff elected and hereby elects to declare the entire sum under the Note to be due and payable.  ¶6(a) Note, Exhibit B.

22. The death of Mona Fish and non-occupancy of a surviving borrower triggered the right to foreclose on the mortgaged premises and payment of all outstanding amounts due on the Note by foreclosure sale.  ¶9(a) Mortgage, Exhibit B.

23. There is now justly due and payable to the Plaintiff, as of April 3, 2024 together with interest on the principal and all advances, if any, on the Note the following sums:

    Principal: $457,237.64

    Accrued Interest through 4-3-2024: $422,384.20 (additional interest accruing at a rate of $151.79 per day)

    Mortgage Insurance Premium: $116,853.90

    Total: $996,475.74

24. Upon information and belief, Plaintiff may be compelled to make additional advances for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments maintenance, in order that it may protect and preserve security, but the nature and amount thereof is unknown to Plaintiff at this time. Nevertheless, Plaintiff seeks recovery thereof and therefore, together with interest thereon.

25. The Plaintiff shall not be deemed to have waived, altered, released or changed its election herein by reason of any payment after the commencement of this action of any or all of the defaults mentioned herein and such election shall continue to be effective.

26. HUD filed a creditor's administration petition in Surrogate's Court, Kings County, File No. 2022-4805, requesting Limited Letters of Administration to the Kings County Public

Administrator, or to such other eligible person or distributee, for the purpose of accepting service of process on behalf of the decedent's estate in this foreclosure lawsuit.

27. HUD's petition was granted.

28. The Decree and Decision is attached as <u>Exhibit E.</u>

## THE DEFENDANTS

29. The Kings County Public Administrator, as Administrator of the Estate of Mona Fish, deceased, is a defendant as record owner and obligor under the Note secured by the Mortgage recorded on 5/4/2011 in CRFN: 2011000162031, as assigned in CRFN: 2019000029848 as public administrator of the Estate of Mona Fish, deceased.

30. New York State Department of Taxation and Finance is a defendant as possible subordinate lienor by virtue of unpaid New York State Estate Taxes against the Estate of Mona Fish deceased, if any.

31. Jude Fish of 733 Catalonia Ave, Coral Gables, Miami-Dade County, Florida 33134 is a Defendant as heir-at-law to Mona Fish, deceased.

32. Richard Fish of 418 Crescent Avenue, Apartment 4, Sunnyvale, CA 94087 is a Defendant as heir-at-law to Mona Fish, deceased.

33. Approved Oil Co of 6717 Fourth Avenue, Brooklyn, NY 11220 is a Defendant as possible subordinate lienor by virtue of Uniform Commercial Code Financing Statement against Mona Fish, 1142 East 40th Street, Brooklyn, NY 11210, as Debtor, recorded on 9/30/2021 in CRFN: 2021000386895.

34. Parkview Advance LLC of 420 Lexington Avenue, Suite 300, New York, NY 10017 is a Defendant as possible subordinate lienor by virtue of Judgment in the amount of $52,056.13

against RLF Industries LLC, 2611 South Cooper Street, Suite 141 and Richard Fish, 3951 Kirby Drive, Apartment 511 recorded on 4/13/2022 in Index No. 507164/2022.

35. Suncoast Funding Group of 651 North Broad Street, Suite 206, Middletown, DE 19709 is a Defendant as possible subordinate lienor by virtue of Judgment in the amount of $17,153.32 against RLF Industries LLC and Richard Fish, 2611 South Cooper Street, Suite 141 recorded on 6/17/2022.

36. HFH Capital LLC of 6010 New Utrecht Avenue, Brooklyn, NY 11219 is a Defendant has possible subordinate lienor by virtue of Judgment in the amount of $33,755.92 against RLF Industries LLC and Richard Fish, 2611 South Cooper Street, Suite 141 recorded on 12/16/2022 in Index No. 532233-22.

37. Debra Cox is a Defendant as potential tenant-in-possession of the mortgaged premises.

38. Natalie Doe is a Defendant as potential tenant-in-possession of the mortgaged premises.

39. The true names of the defendants "JOHN DOE #1-5" and "JANE DOE #1-5" are unknown to the Plaintiff, those names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the mortgaged premises or any portion thereof.

40. The "Mortgaged Premises" situated in the County of Kings to be foreclosed herein is described herein as Schedule "A":

> Premises: 1142 East 40th Street, Brooklyn, NY 11210
> Block: 7787 Lot: 41

41. A 90-day notice was mailed first class and certified to the tenants of the mortgaged premises and also personally delivered to the tenants of the mortgaged premises. RPAPL §§ 1304 and 1306.

42. Copies of the 90-day notice with certified mail receipts are attached as <u>Exhibit F.</u>

43. Copies of the affidavits of personal service of the NY RPAPL 90-day notice are attached as <u>Exhibit G.</u>

44. The Plaintiff is not seeking a deficiency judgment.

45. The Plaintiff is not seeking attorneys' fees in this foreclosure lawsuit.

46. The Plaintiff is seeking a judgment of foreclosure and sale only.

**WHEREFORE,** Plaintiff demands judgment:

(a) That the defendants, or either or any of them, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbarance is subsequent or subsequently recorded, be forever barred and foreclosed of all right, claim, lien, interest or equity of redemption in the mortgaged premises;

(b) that the mortgaged premises 1142 East 40th Street, Brooklyn, NY 11210 as shown in annexed Schedule A may be decreed to be sold as provided by New York Real Property Actions and Proceedings Law;

(c) That the priority of liens against the real property be determined by the Court, and the proceeds of the sale of said property, after proper court costs, be distributed among the owners and holders of liens against said property in the order of priority thereof as determined by the Court; and

(d) That the total amount due to the Plaintiff on the NOTE and MORTGAGES as described herein be adjudged;

(e) That the Plaintiff may be paid the amount adjudged to be due to the Plaintiff with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of the sale, so far as the amount of such money properly applicable thereto will pay the same; and

(f) That the Plaintiff may have such other and further relief which as to this Court may seem just, reasonable and proper.

Dated:  April 10, 2024

/s/ John Manfredi
John Manfredi, Esq.
Attorney for Plaintiff
302 East 19th Street, Suite 2A
New York, New York 10003
Telephone No. (347) 614-7006

WebTitle File No.:  WTA-24-004218                          Client File No.:

# SCHEDULE A
# DESCRIPTION OF MORTGAGED PREMISES

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of East 40th Street, distant 100 feet southerly from the corner formed by the intersection of the westerly side of East 40th Street with the southerly side of Avenue J;

RUNNING THENCE westerly parallel with Avenue J, 100 feet to the center line of the block between East 39th Street and East 40th Street;

THENCE southerly along said center line of the block and parallel with East 40th Street, 40 feet;

THENCE easterly again parallel with Avenue J, 100 feet to the westerly side of East 40th Street;

THENCE northerly along the westerly side of East 40th Street, 40 feet to the point or place of BEGINNING.

Premises:            1142 East 40th Street, Brooklyn, NY 11210
Tax Parcel ID No.:   Block: 7787 Lot: 41